IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Lee King, ) | C/A No.: 1:12-1056-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Dr. Thomas Byrnes; Ms. Pamela ) | |
| Derrick, Head Nurse Allendale CI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at

Allendale Correctional Institution alleging violations of 42 U.S.C. § 1983. Pursuant to the

provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the

undersigned is authorized to review such complaints for relief and submit findings and

recommendations to the district judge. For the reasons that follow, the undersigned

recommends that the district judge dismiss the complaint without prejudice and without

issuance and service of process.

I.      Factual and Procedural Background

The complaint alleges that Plaintiff went to sick call on March 27, 2012, and was seen

by defendant Ms. Pamela Derrick ("Nurse Derrick"). [Entry #1 at 3]. According to Plaintiff,

Nurse Derrick indicated that she would forward Plaintiff's medical information to defendant

Dr. Thomas Byrnes ("Dr. Byrnes"). *Id.* Plaintiff claims that he did not receive any

medication, and therefore signed up for sick call again on April 1, 2012. *Id.* On that date,

Plaintiff complained that his problem had not improved and requested blood work from Nurse Derrick. *Id.* Plaintiff's blood was drawn for testing on April 9, 2012, although Plaintiff had not received results of the blood test upon submission of the instant complaint. *Id.* Approximately four days later, Plaintiff alleges he went to sick call to see if Dr. Byrnes had ordered any medication, where a nurse informed him that the medication he required would have to be purchased from the canteen. *Id.* The complaint states that Plaintiff wrote the Warden seeking help because Plaintiff is allegedly indigent and unable to afford the medication. *Id.* Plaintiff attached to the complaint a "Request to Staff" form, which indicates that he suffers from allergies which cause congestion, sneezing, and itching. [Entry #1-1]. The Warden's response, dated April 9, 2012, indicates that the South Carolina Department of Corrections ("SCDC") does not provide free sinus medication. *Id.* The complaint states that Plaintiff did not file an administrative grievance regarding the issue prior to bringing this case in federal court. [Entry #1 at 2].

II.     Discussion

        A.      Standard of Review

        Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C.

2

§ 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been

deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff claims that the defendants have failed to provide him with "any medical attention." [Entry #1 at 2]. Liberally construed, Plaintiff appears to be alleging a claim of deliberate indifference to medical needs. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) (deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm.") (citation omitted). Furthermore, in *Miltier v. Beorn*, the Fourth Circuit noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851–852 (4th Cir. 1990) (citation omitted).

In the present action, Plaintiff complains that he suffers from allergies, which cause sneezing, congestion, and itching. [Entry #1-1]. However, Plaintiff provides no factual

information to indicate that his allergies constitute a serious medical condition. Thus, as an initial matter, Plaintiff fails to establish a serious medical need, which is required to state a cognizable claim of deliberate indifference. *See Estelle*, 429 U.S. at 106; *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (official "is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate") (quoting *Farmer v.Brennan*, 511 U.S. 825, 837 (1994)). The complaint also indicates that Nurse Derrick saw Plaintiff on at least two occasions for his medical issues, and provided Plaintiff a blood test upon his request. [Entry #1 at 3]. While Plaintiff complains that he has been denied allergy medication, his allegations fail to rise to the level of deliberate indifference to a serious medical need. As such, defendants are entitled to summary dismissal from this case.

Further, to the extent the complaint alleges a claim of negligence, such a claim, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (negligent failure to protect an inmate does not "deprive" him of liberty or violate the Constitution); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct). Because negligent behavior on the part of a government official does not present a Constitutional violation, any negligence claim Plaintiff may be alleging against defendants is also subject to summary dismissal.

Finally, it is clear from the face of the complaint that Plaintiff filed this case prematurely, before attempting to exhaust the SCDC's administrative remedy process. [Entry

#1 at 2]. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity. *Jones v. Bock,* 549 U.S. 199 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006). Here, Plaintiff failed to file an administrative grievance regarding the alleged denial of allergy medication after receiving the Warden's response to his "request to staff" on April 9, 2012. [Entry #1 at 2]. Thus, the complaint is also subject to summary dismissal for lack of exhaustion.

III. Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

6

IT IS SO RECOMMENDED.

May 2, 2012                                    Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).